Zhen v. Sessions

BIA
Hom, IJ
A205 382 206

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of October, two thousand eighteen.

PRESENT:
>        PIERRE N. LEVAL,
>        ROSEMARY S. POOLER,
>        ROBERT D. SACK,
>             *Circuit Judges.*

_____

WANG ZHEN, AKA WANG ZHENG,
>        *Petitioner,*

>    v.                                      17-553
>                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Lee Ratner, Law Office of Michael
                           Brown, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; John S. Hogan,
                           Assistant Director; Robbin K.
                           Blaya, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wang Zhen, a native and citizen of the People's Republic of China, seeks review of a February 3, 2017, decision of the BIA affirming a March 11, 2016, decision of an Immigration Judge ("IJ") denying Zhen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wang Zhen,* No. A205 382 206 (B.I.A. Feb. 3, 2017), *aff'g* No. A205 382 206 (Immig. Ct. N.Y. City Mar. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA and review only the ground for decision on which the BIA relied—Zhen's failure to meet his burden of proof. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For the reasons that follow, we conclude that the agency did not err in determining that

2

Zhen failed to demonstrate past persecution or a well-founded fear of future persecution.

I.   Past Persecution

While the Immigration and Nationality Act does not define persecution, *see Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009), the BIA has defined it as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled in part on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Past persecution can be based on harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id*.

The agency did not err by determining that Zhen's past harm did not rise to the level of persecution. 8 U.S.C. § 1252(b)(4) (A determination that an applicant has failed to

meet his burden is "conclusive unless manifestly contrary to the law and an abuse of discretion."). Zhen testified that five police officers beat him with soft batons, punched him, and kicked him until other church members interceded and he managed to escape. Although he testified that he was bleeding from his face, body, and legs, he did not further describe his injuries or require any medical treatment. The agency considered this testimony, and the fact that Zhen was neither arrested nor detained, and reasonably determined that the harm did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820 (2d Cir. 2011) (affirming agency's determination that applicant's past harm—being slapped in the face; punched repeatedly by several family planning officers in the face, chest, and back; and detained for two days—did not rise to the level of persecution).

Zhen, relying on *Beskovic*, contends that the agency ignored the context of his beating and that *any* harm rises to the level of persecution when inflicted on an individual engaged in a protected act. Zhen's argument fails. *Beskovic* holds that "[t]he BIA must . . . be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution *if it occurred*
4

*in the context of an arrest or detention on the basis of a protected ground.*" 467 F.3d at 226 (emphasis added). Because the agency considered the context of the beating, which did not "occur[] in the context of an arrest or detention," *id.*, Zhen's reliance on *Beskovic* is misplaced.

II.  <u>Future Persecution</u>

Absent past persecution, an applicant may still establish eligibility for asylum by demonstrating an independent well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best."). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in

[the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

Zhen does not challenge the agency's finding that he failed to demonstrate a pattern or practice of persecution. Nor did the agency err by concluding that Zhen failed to demonstrate a reasonable possibility that he would be singled out for persecution. 8 U.S.C. § 1252(b)(4). Although Zhen submitted letters from his father and a friend stating that the police continued to search for him after he left China, the agency reasonably declined to credit the letters because they were authored by interested witnesses unavailable for cross-examination. *Y.C.*, 741 F.3d at 334 (affirming agency's determination that letter from a relative in China—stating that he had been visited by police who were aware of applicant's pro-democracy activities—was entitled to limited weight because it was unsworn and submitted by an interested witness). Zhen does not challenge the IJ's treatment of these letters or the IJ's finding that the U.S. State Department's 2013 International Religious Freedom Report did not document a single incident of persecution of underground church

6

members in Zhen's home region, which he had the burden to show given the regional variation in China's treatment of underground church practitioners. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149-50 (2d Cir. 2008) (observing that where enforcement of a policy varies, it is the applicant's burden to show a well-founded fear of persecution in his locality in China).

Because the agency reasonably found that Zhen failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that he necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Y.C.*, 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7